JOHN WRIGHT v. J. H. MONGLE.

1. WILLS. *Probate. Executor. Appointment.* Immediately following the entry of a will of record appears the following: "The foregoing will was proven in open court September, 1876, by the oaths of Mont Hoss and Jacob McNeese, the subscribing witnesses, and ordered to be recorded. G. W. Wright was qualified as executor." *Held,* a sufficient record evidence of the probate of the will and grant of letters testamentary and qualification of executor.

2. SAME. *Executor. Failure of clerk.* The failure of the clerk to record letters testamentary as provided by law, after the regular probate of the will and grant and issuance of the letters and qualification of the executor will not vitiate his authority.

FROM WASHINGTON.

Appeal in error from the Circuit Court of Washington county.   N. HACKER, J.

W. F. YOUNG for Wright.

E. C. REEVES for Mongle.

McFARLAND, J., delivered the opinion of the court.

This suit began before a justice of the peace 26th of September, 1873.   Was taken to the circuit court by appeal, where it was continued by consent from term to term, until the 8th of August, 1876, when the death of the plaintiff was suggested and admitted, and entry to that effect made upon the record.   At the next term, 11th of December, 1876, the following entry was made: "This cause, on motion of the plain-

Wright *v.* Mongle.

tiff's attorney, is revived in the name of the personal representatives of plaintiff deceased, and by consent is continued until the next term of this court."

The cause was afterwards · continued from term to term until the 2d of September, 1881, when an . entry was made referring to the suggestion of the death of the plaintiff previously entered, and the order of revivor on the 11th of December, 1876, and it is recited that the failure of said last mentioned order to show the name of the personal representative of the original plaintiff, in whose name the suit was revived, was "the omission of the clerk," and "it being suggested and admitted by defendant's attorney, that Geo. W. Wright was the executor and personal representative of said John Wright, deceased, on motion of said executor, the former order of revivor was amended so as to revive the cause in the name of said Geo. W. Wright.

On the next day the cause was heard in the absence of the defendant and his attorney and judgment rendered for the plaintiff.

At the same term, to-wit, on the 8th of September, the court, upon sufficient cause shown by the affidavit of defendant's attorney, set aside the judgment, and also set aside the order of revivor entered on the 2d of September, and restored the cause to its *status quo* before said order. The affidavit of defendant's attorney showed that he was only temporarily representing the regular attorney of defendant, who was absent, and that he had made the admission that Geo. W. Wright was the executor and personal representa-

tive of said estate, under a misapprehension of the fact brought about—though unintentionally—by the statements of the plaintiff's attorney. The affidavit then proceeds to show, in substance, that there was no sufficient record evidence of said Geo. W. Wright's appointment and qualification as executor.

Immediately after the order of revivor was set aside, the defendant's attorney entered a motion to abate the cause. The plaintiff's attorney, thereupon, moved the court—supported by affidavit—to continue the motion to abate until the next term to the end that plaintiff might have until that time to furnish evidence of his executorship, or to revive the cause in the name of the heirs or a personal representative to be appointed. Among other things, the affidavit showed that the plaintiff was a non-resident and was not in attendance.

Upon consideration of these motions, the court sustained the motion to abate the suit. To all of which said Geo. W. Wright excepted, took a bill of exceptions and prayed an appeal, which was granted, and he being a non-resident was allowed one month in which to execute an appeal bond. At the same term, however, two days later, the plaintiff appeared in person, and by his attorney asked leave to vacate the order for appeal, and to enter his motion to set aside the order of abatement and to revive the cause. This motion was supported by his own affidavit and the amended affidavit of his attorney. The court allowed the prayer for appeal to be vacated, but upon consideration of the motion to set aside the order abating the cause refused it. Thereupon said Geo. W. Wright

took another bill of exceptions and prayed an appeal, which was granted and prosecuted.

In the last named affidavits, the facts in regard to the claim of said Geo. W. Wright to be the personal representative of said estate, are declared, and we take it that the case must turn upon whether or not he was legally and in fact such representative. If he was not, there could be no error in the action of the cour in refusing to revive in his name and in abating the suits. On the other hand, if he was the duly appointed and qualified representative of the estate, then it was error to abate the suit, even though the motion to revive was not supported by the proper evidence until the last moment, especially as the facts indicate that said Geo. W. Wright was led to believe that his authority as executor would not be questioned.

It is agreed that the county court of Washington, the county in which this suit was pending, was the proper tribunal to admit to probate the will of said John Wright, and to grant letters testamentary upon his estate; and hence, while the motions and proceedings hereinbefore referred to were pending in the circuit court, the records of the county court near by were examined. The clerk of the county court certified that the records of the court shows a copy of the will of said John Wright and Margaret Wright entered thereon, which is set out in this certificate, and which will shows that said George Washington Wright was nominated as executor. Immediately following the entry of the will of record appears the following: "The foregoing will was proven in open court Sep-

tember, 1876, by the oaths of Mont Hoss and Jacob
McNeese, the subscribing witnesses, and ordered to be
recorded.    G. W. Wright was qualified as executor."
The clerk certifies that the copy certified is a true
copy of the will as the same appears of record, and
that the amended probate is all the proceedings of
record in his office.    Said Geo. W. Wright exhibits
with his affidavit letters testamentary in due form is-
sued to him by the then clerk of said county court.

As we understand the argument for the defendant,
it is that there is no sufficient record evidence from
the county court of the probate of the will and the
grant of letters testamentary and the qualification of
the executor.

If the above record be taken as the record of the
proceedings of the county court, the argument is clearly
not well founded.    In only showing that the will was
proven in open court by the subscribing witnesses and
ordered to be recorded, and the appointment of the ex-
ecutor is clearly a sufficient probate.    The cases of *Nel-
son* v. *Griffin*, 2 Yer., 624, and *Smith* v. *Mabry*, 7
Yer., 26, relied upon do not support the argument.
The former case only decided that a grant of admin-
istration upon the estate of non-resident estates was
not *then* authorized by the statutes of this State.    The
reasoning relied upon is only to the effect that the
letters of administration actually issued could not sus-
tain the claim of the representative, if the order upon
which it is founded be void.    The only point of the
second case applicable here is that if the appointment
be valid the actual issuance of letters is not necessary,.

Wright *v.* Mongle.

but the case shows that the probate in the present case is sufficient in form.

The failure of the clerk to record the letters testamentary as provided by sections 2206 and 4074, after the regular probate of the will and the grant and issuance of the letters, and qualification of the executor, would clearly not vitiate his authority.

We suppose, however, that the real ground of objection is, that the copy of the will and the probate is not from the record or minutes of the county court, but from the book in which wills are recorded, and that nothing appears upon the minutes of the court, though this is merely to be implied, as there is nothing from which it can be clearly seen that such is the fact. The certificate of the clerk authorizes the contrary conclusion, and we will not make such inference for the purpose of defeating the rights which otherwise seems clear of reviving and prosecuting the action.

We think his Honor erred in refusing the revivor and his judgment will be reversed. The revivor is allowed and the cause remanded for trial.